# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 16, 2022

Lyle W. Cayce
Clerk

No. 20-11190

United States of America,

*Plaintiff—Appellee*,

*versus*

Emmanuel Nnaji,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:09-CR-172-2

Before Jones, Southwick, and Oldham, *Circuit Judges*.
Per Curiam:*

Emmanuel Nnaji, federal prisoner # 39011-177, appeals the denial of his motion for compassionate release under the First Step Act. *See* 18 U.S.C. § 3582(c)(1)(A)(i). He also moves for appointment of counsel on appeal. We AFFIRM the denial of his motion for compassionate release and DENY his motion for appointment of counsel.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-11190

## FACTUAL AND PROCEDURAL BACKGROUND

Emmanuel Nnaji was convicted by a jury of forced labor, harboring an illegal alien for financial gain, document servitude, making false statements to federal agents, and conspiracy. *See United States v. Nnaji*, 447 F. App'x 558, 559 (5th Cir. 2011). He received a total prison sentence of 240 months.

In November 2020, Nnaji filed a *pro se* motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), asserting that he faced an increased risk from the COVID-19 virus due to his age, the spread of the virus within the prison, and several medical conditions, including prostate cancer, diabetes, hypertension, and hyperlipidemia. He also moved for appointment of counsel.

The district court denied compassionate release without receiving a response from the Government. The court first determined that Nnaji failed to show he was qualified for release under the policy statement of Section 1B1.13 of the Sentencing Guidelines or for other reasons sufficiently extraordinary to merit release. "Weighing the factors of 18 U.S.C. § 3553(a)," the court also indicated that it would still deny relief even if Nnaji's medical conditions qualified as extraordinary and compelling reasons for compassionate release. The court also denied his motion for appointment of counsel.

Nnaji filed a notice of appeal, and the district court granted Nnaji's motion to proceed in forma pauperis on appeal.

## DISCUSSION

We review a district court's decision to deny a motion for compassionate release for abuse of discretion. *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). "[A] court abuses its discretion if it bases its decision on an error of law or a clearly erroneous assessment of the evidence."

2

No. 20-11190

*Id.* (quotation marks and citation omitted). While a district court must give specific reasons if it chooses to deny the motion, the extent of its explanation "depends 'upon the circumstances of the particular case.'" *United States v. Shorter*, 850 F. App'x 327, 328 (5th Cir. 2021) (quoting *Chavez-Meza v. United States*, 138 S. Ct. 1959, 1965 (2018)).

Under Section 3582(c)(1)(A), on the motion of either the Bureau of Prison director or the defendant, a court may reduce the defendant's term of imprisonment, after considering the applicable Section 3553(a) sentencing factors, if the court finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). This court, though, has recently explained that the policy statement at Section 1B1.13 of the Guidelines applies only to motions of the director and does not apply to prisoner-filed compassionate release motions. *United States v. Shkambi*, 993 F.3d 388, 392–93 (5th Cir. 2021).

Consequently, we reversed and remanded in *Shkambi* because the district court erroneously believed that it was bound by the policy statement. *Id.* Since *Shkambi*, though, panels of this court have determined that district courts do not commit reversible error when they apply Section 1B1.13 if their discussion of the Section 3553(a) factors amounts to an alternative basis for denying the motion. *See United States v. Coats*, 853 F. App'x 941, 942–43 (5th Cir. 2021); *see also United States v. Shorter*, 850 F. App'x 327, 328 (5th Cir. 2021) (district court did not abuse its discretion in considering the policy statements because it also denied a sentence reduction based on a balancing of the Section 3553(a) factors).

Here, the district court was not explicit as to whether it considered itself bound by the policy statement in Section 1B1.13. Nonetheless, we are satisfied that the district court's separate weighing of the Section 3553(a)

No. 20-11190

factors amounted to an alternative basis for denying relief. *See Coats*, 853 Fed App'x at 942–43. The district court concluded that even if Nnaji's medical conditions were "extraordinary and compelling," granting Nnaji compassionate release would inappropriately "minimize the seriousness of his crimes and conduct." We locate no abuse of discretion in this separate rationale.

We also do not identify error in the district court's decision to deny appointment of counsel because no "specialized knowledge" is required to file a motion for compassionate release. For similar reasons, we conclude that appointment of counsel on appeal is unmerited. *See Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987) (considering the type and complexity of case when determining whether an appointment of counsel is required).

The judgment of the district court is AFFIRMED, and Nnaji's motion for appointment of counsel is DENIED. All pending motions are DENIED.