# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50052

United States Court of Appeals
Fifth Circuit

**FILED**

July 14, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

OSCAR HUMBERTO REYES,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:13-CR-1451

Before JOLLY and DENNIS, Circuit Judges, and RAMOS, District Judge.[*]

PER CURIAM:[**]

Oscar Humberto Reyes pleaded guilty to the transportation of illegal aliens within the United States for financial gain, pursuant to 8 U.S.C. §§ 1324(a)(1)(A)(ii), (a)(1)(B)(i), and was sentenced to fifteen months of imprisonment and three years of supervised release. On February 24, 2015, we denied Reyes's attorney's motion for leave to withdraw, filed in accordance

---

[*] District Judge of the Southern District of Texas, sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

with *Anders v. California*, 386 U.S. 738 (1967), and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011). We held that, because Reyes and the other individuals involved in the conduct underlying his conviction were all represented by the Federal Public Defender's Office (FPD), there is a nonfrivolous argument that Reyes was deprived of his Sixth Amendment right to the assistance of effective, conflict-free counsel. *See generally Cuyler v. Sullivan*, 446 U.S. 335 (1980); *Perillo v. Johnson*, 205 F.3d 775, 781 (5th Cir. 2000). Reyes's counsel on appeal then filed a merits brief, arguing that Reyes's Sixth Amendment right to conflict-free counsel was violated and that we, therefore, must vacate his conviction and sentence.

We now conclude that the record is insufficiently developed for us to determine whether the FPD attorney representing Reyes in the proceedings before the district court was "acting under the influence of an actual conflict of interest that adversely affected his performance[.]" *United States v. Infante*, 404 F.3d 376, 392 (5th Cir. 2005). Accordingly, without expressing any opinion as to the potential merit of a Sixth Amendment conflict-of-interest claim that Reyes may raise in a collateral challenge to his conviction under 28 U.S.C. § 2255,[1] we AFFIRM his conviction and sentence.

---

[1] We note that the consideration of Sixth Amendment claims based on an attorney's alleged conflict of interest is not always relegated to post-conviction proceedings. *See, e.g.*, *Infante*, 404 F.3d at 392 (vacating the defendant-appellant's conviction on direct appeal and remanding to the district court where the record was sufficient to conclude that counsel "labored under a conflict of interest," but insufficient to determine whether that conflict of interest adversely affected counsel's performance at trial); *see also United States v. Salado*, 339 F.3d 285, 291-92 (5th Cir. 2003) (noting that on direct appeal we have "readily determined whether an actual conflict of interest existed in cases where jointly represented codefendants proceeded to full trial on the merits due to the benefit of a full record"). Here, however, the record is devoid of the facts necessary to make a meaningful inquiry into counsel's alleged conflict of interest.