Defender's Office, Houston, TX, for Defendant–Appellant.

Before HIGGINBOTHAM, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM: *

Trinidad Jaimes–Jaimes appeals the sentence imposed following his guilty plea conviction for being found unlawfully in the United States after deportation in violation of 8 U.S.C. § 1326. He contends that the district court plainly erred when it enhanced his sentence based on a finding that his 1996 Louisiana conviction for possession with intent to distribute marijuana was a felony drug trafficking offense for purposes of U.S.S.G. § 2L1.2(b)(1)(A)(i). Relying on the Supreme Court's decision in *Moncrieffe v. Holder,* —— U.S. ——, 133 S.Ct. 1678, 185 L.Ed.2d 727 (2013), as well as our decision in *United States v. Garza–Lopez,* 410 F.3d 268 (5th Cir.2005), he contends that the Louisiana statute under which he was convicted is broader than the drug trafficking offense definition set forth in the commentary to § 2L1.2 because it proscribes the possession with intent to give away and administer a controlled substance. Because Jaimes–Jaimes did not object to the § 2L1.2(b)(1)(A)(i) enhancement in the district court, we review for plain error. *See United States v. Villegas,* 404 F.3d 355, 358 (5th Cir.2005), *superseded by regulation on other grounds as stated in United States v. Pimpton,* 558 Fed. Appx. 335, 337–38 (5th Cir.2013).

In *United States v. Martinez–Lugo,* 782 F.3d 198, 204–05 (5th Cir.2015), *petition for cert. filed* (June 24, 2015) (No. 14–10355), we held that an enhancement under § 2L1.2(b)(1)(A)(i) is warranted regardless whether the conviction for the prior drug trafficking offense required proof of remuneration or commercial activity. Further, Jaimes–Jaimes has failed to establish a realistic probability that Louisiana would prosecute an individual under LA. REV. STAT. ANN. § 40:966(A)(1) for administering a controlled substance "in a way that does not also constitute either 'dispensing' or 'distributing' under the federal sentencing guidelines." *United States v. Teran–Salas,* 767 F.3d 453, 460–62 (5th Cir.2014), *cert. denied,* —— U.S. ——, 135 S.Ct. 1892, 191 L.Ed.2d 767 (2015). Therefore, Jaimes–Jaimes cannot show error, plain or otherwise. *See Puckett v. United States,* 556 U.S. 129, 135, 129 S.Ct. 1423, 173 L.Ed.2d 266 (2009).

AFFIRMED.

**UNITED STATES of America, Plaintiff–Appellee**

v.

**Keith RUFFIN, Defendant–Appellant.**

No. 13–50944
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

July 30, 2015.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, San Antonio, TX, for Plaintiff–Appellee.

---

Kimberly S. Keller, Keller Stolarczyk P.L.L.C., Boerne, TX, for Defendant–Appellant.

Keith Ruffin, Forrest City, AR, pro se.

Before PRADO, OWEN, and GRAVES, Circuit Judges.

PER CURIAM: *

The attorney appointed to represent Keith Ruffin has moved for leave to withdraw and has filed a brief in accordance with *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *United States v. Flores,* 632 F.3d 229 (5th Cir.2011). Ruffin has not filed a response. We have reviewed counsel's brief and the relevant portions of the record reflected therein. We concur with counsel's assessment that the appeal presents no nonfrivolous issue for appellate review. Accordingly, counsel's motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, and the APPEAL IS DISMISSED. *See* 5TH CIR. R. 42.2.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.