# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 31, 2011

No. 09-41281
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

RAMONA FLORES

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

Defendant Ramona Flores appeals after her guilty plea conviction for being found illegally in the United States after having been previously deported, in violation of 8 U.S.C. § 1326. Flores' counsel has filed a motion to withdraw and a brief that relies on *Anders v. California*, 386 U.S. 738 (1967), stating that the appeal is without merit. We grant the motion and take this opportunity to explain what we expect in an *Anders* brief and why the brief in this case is sufficient.

No. 09-41281

I.

Nicaraguan national Ramona Flores pleaded guilty, pursuant to a written plea agreement, to being found illegally in the U.S. after having been previously deported, in violation of 8 U.S.C. § 1326. The plea agreement did not contain an appeal waiver. The factual basis that Flores admitted to be true at rearraignment stated that she previously was deported from the U.S. on May 10, 2006, and that she was again found inside the U.S. on July 8, 2009. See *United States v. Rojas-Luna*, 522 F.3d 502, 504-06 (5th Cir. 2008) (holding that the fact of removal must be admitted or proven beyond a reasonable doubt).

The PSR calculated Flores' total offense level at 21. This included a 16-level increase, pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii), because she had previously been deported following a felony conviction for a crime of violence, specifically, a December 2000 Florida conviction for aggravated assault with a deadly weapon. It determined Flores' criminal history score to be III, subjecting her to a guidelines range of 46 to 57 months of imprisonment. Flores did not object to the PSR's calculations. The district court sentenced her at the low end of the guidelines range, 46 months, followed by a three-year period of supervised release. Flores timely appealed.

II.

The Federal Public Defender appointed to represent Flores has filed a motion for leave to withdraw and an *Anders* brief. *Anders* established standards for a court-appointed attorney who seeks to withdraw from a direct criminal appeal on the ground that the appeal lacks an issue of arguable merit. After a "conscientious examination" of the case, the attorney must "request permission to withdraw" and submit a "brief referring to anything in the record that might

No. 09-41281

arguably support the appeal." *Anders*, 386 U.S. at 744. Flores was informed of counsel's motion to withdraw but has not filed a response.

At this point our current practice is to examine the brief submitted by counsel raising anything in the record that might arguably support an appeal, examine any points raised by the appellant himself, and independently examine the record, to determine whether counsel has adequately identified all nonfrivolous issues. We write in this case to signal a change in this court's approach to *Anders* cases.

Our analysis must start with the Supreme Court's seminal decision in *Anders v. California.* In *Anders*, after the California District Court of Appeal had appointed counsel to conduct a first appeal to that court from an indigent's conviction, counsel informed the court by letter that after a study of the record and consultation with the accused, he had concluded that there was no merit to the appeal. The court denied the indigent's request for appointment of another attorney, after which the indigent filed his own brief pro se. The state responded and the indigent filed a reply brief. The conviction was affirmed. About 6 years later, the court denied the indigent's application for writ of habeas corpus, stating that the earlier appeal had been without merit. The Supreme Court of California later denied without opinion the indigent's petition for habeas corpus.

On certiorari, the Supreme Court of the United States reversed and held that the constitutional right to counsel requires that on an indigent's first appeal from his conviction, court-appointed counsel support the appeal to the best of his ability, requesting permission to withdraw only if he finds the case to be wholly frivolous, in which event he must file a brief referring to anything in the record

3

No. 09-41281

that might arguably support the appeal.  A "no merit" letter does not satisfy this requirement.  Rather the court stated that

> Counsel['s] . . . role as advocate requires that he support his client's appeal to the best of his ability.  Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal.

*Anders,* 386 U.S. at 744.  *Anders'*s focus therefore is on defense counsel's duty when he finds no arguable issue to present on appeal.  More than thirty years ago, we directed counsel filing *Anders* briefs that "*Anders* requires counsel to isolate possibly important issues and to furnish the court with references to the record and legal authorities to aid it in its appellate function." *United States v. Johnson*, 527 F.2d 1328, 1329 (5th Cir. 1976).

As we recognized in another *Anders* case issued this same day, *United States v. Garland*, No. 09-50317,

> The Fifth Circuit's website provides a detailed checklist and outline for *Anders* briefs for guilty pleas and for bench or jury trials. See http://www.ca5.uscourts.gov. The guidelines and checklist are under the "Attorney Information Section."  This checklist is designed to assist counsel in preparing a brief that will satisfy the standards of *Anders* in this circuit.
>
> Counsel obviously has broad discretion in the preparation of his brief.  For example, he can  cover the material set forth in the checklist in narrative form, or cut and paste the outline from the checklist and answer the questions called for in it. No particular form of brief is required.  The point is that counsel should demonstrate that he has considered the issues set forth in the checklist to the extent they apply to her case.  This will assist our review of the brief to determine whether it is adequate.
>
> Barring unusual circumstances in the proceedings, a brief submitted by an attorney considering the issues set forth in  the

4

No. 09-41281

> checklist and addressing the areas of inquiry appropriate to his case will be facially adequate, meaning that it meets both the requirement placed on counsel to "support his client's appeal to the best of his ability", *Anders*, 386 U.S. at 744, and "to act with candor [to the court] in presenting claims for judicial resolution," *McCoy v. Court of Appeals, Dist. 1*, 486 U.S. 429, 440 (1988).

*Id.* In addition to fully complying with *Anders*, counsel must provide a copy of his brief to the defendant and the brief should include in the Certificate of Service a statement that this requirement has been complied with. *Anders*, 386 U.S. at 744.

The brief in this case satisfies these standards. Flores' brief covers every applicable item on the Checklist and Outline for *Anders* briefs for guilty pleas, applying each item to the facts of Flores' proceedings and providing references to the record and citations to appropriate legal authority. The brief also addresses the propriety of a 16 level enhancement applied to Flores' sentence for a prior crime of violence and whether the sentence was reasonable. Flores did not submit a brief after being informed of her counsel's motion to withdraw.

The Seventh Circuit has concluded that the appellate court reviewing a brief filed under *Anders* need not have its "law clerk or staff attorney . . . scour the record for issues that the lawyer may have overlooked." *United States v. Wagner*, 103 F.3d 551, 552 (7th Cir. 1996). That practice "gives the indigent defendant more than he could expect had counsel (whether retained or appointed) decided to press the appeal, since counsel's decision on which issues to raise on appeal would normally be conclusive." *Id. (*citing *Jones v. Barnes*, 463 U.S. 745 (1983); *Mason v. Hanks*, 97 F.3d 887, 893 (7th Cir. 1996); and *Sharp v. Puckett*, 930 F.2d 450 (5th Cir. 1991)).

No. 09-41281

The Seventh Circuit first rejected an approach that attaches conclusive weight to the defendant's failure to respond to an *Anders* motion, because "the defendant will ordinarily not be learned in the law" and "his failure to respond may reflect an inability to spot possible flaws in his lawyer's legal arguments." *Wagner,* 103 F.3d at 552. The court also rejected the "opposite extreme" requiring the court to comb the record even where the *Anders* brief appears to be perfectly adequate, searching for possible nonfrivolous issues that both the lawyer and the client may have overlooked and, if one is found, appointing a new lawyer and directing him to the issues identified. The court concluded that the "*Anders* procedure implements the Sixth Amendment right of counsel, 386 U.S. at 742, a right to have counsel of minimum professional competence - not to have a committee of counsel including judges of the court of appeals." *Id.* Instead it adopted an intermediate position -

> The intermediate position, which we now adopt, is for the appellate court to be guided in reviewing the record by the *Anders* brief itself, provided that the brief is adequate on its face. (If it is not, we shall deny the *Anders* motion and either direct counsel to file a new brief or discharge counsel and appoint a new lawyer for the defendant.) If the brief explains the nature of the case and fully and intelligently discusses the issues that the type of case might be expected to involve, we shall not conduct an independent top-to-bottom review of the record in the district court to determine whether a more resourceful or ingenious lawyer might have found additional issues that may not be frivolous. We shall confine our scrutiny of the record to the portions of it that relate to the issues discussed in the brief. If in light of this scrutiny it is apparent that the lawyer's discussion of the issues that he chose to discuss is responsible and if there is nothing in the district court's decision to suggest that there are other issues the brief should have discussed, we shall have enough basis for confidence in the lawyer's competence to forgo scrutiny of the rest of the record. The resources of the courts of

6

No. 09-41281

appeals are limited and the time of staff attorneys and law clerks
that is devoted to searching haystacks for needles is unavailable for
more promising research.

*Id*. at 553.  The Third Circuit follows the Seventh Circuit approach.  See *United States v. Youla*, 241 F.3d 296 (3d Cir. 2000) and *United States v. Ripoll*, 123 Fed. Appx. 479 (3d Cir. 2004)(unpublished).

We agree with the Seventh Circuit's analysis and adopt its approach to *Anders* cases.  The holding in this case, along with the holding in our companion case, *United States v. Garland*, No. 09-50317, setting forth the minimum standards for *Anders* briefs, will fully satisfy defendants' Sixth Amendment right of counsel on direct appeal.

Applying this process to the facts of Flores' guilty plea and sentence, and based on our review of counsel's brief and the relevant portions of the record referenced therein, we accept counsel's assessment that Flores has no nonfrivolous issues  to raise on appeal.

### III.

Accordingly, counsel's motion to withdraw is granted and the appeal is dismissed as frivolous.  *See* 5th Cir. R. 42.2.[1]

---

[1] We have incorporated a number of changes in the opinion suggested by other judges on the court and, with those changes, all active judges have assented.