# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 17, 2012

Lyle W. Cayce
Clerk

No. 10-30793
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

PEDRO MENDEZ RAMOS, also known as Peter,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:05-CR-20084-1

Before JONES, Chief Judge, and JOLLY and SMITH, Circuit Judges.

PER CURIAM:[*]

The attorney appointed to represent Pedro Mendez Ramos has filed a motion to withdraw, a supplemental motion to withdraw, and two briefs in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011). Ramos has not filed a response. We have reviewed counsel's briefs and the relevant portions of the record reflected therein. We concur with counsel's assessment that the appeal presents no nonfrivolous issue for appellate review.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-30793

Our review did reveal an error that requires correction of the final judgment of conviction and sentence. Ramos was notified via indictment that his property was subject to forfeiture under 21 U.S.C. § 853. He signed a consent decree of forfeiture, and the district court entered a preliminary order of forfeiture in his case. The district court verified at sentencing that Ramos had agreed to forfeit his property. However, it did not comply with Federal Rule of Criminal Procedure 32.2(b)(4)(B)'s requirement that it include the order of forfeiture in the final judgment. The court's failure to include the order of forfeiture in the final judgment "may be corrected at any time under [Federal Rule of Criminal Procedure] 36." FED. R. CRIM. P. 32.2(b)(4)(B).

Accordingly, counsel's motions for leave to withdraw are GRANTED, counsel is excused from further responsibilities herein, and the APPEAL IS DISMISSED. *See* 5TH CIR. R. 42.2. The case is REMANDED for the limited purpose of allowing the district court to correct the judgment of conviction and sentence to include the order of forfeiture.