## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

No. 12-40609
Conference Calendar

April 16, 2013

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EDGAR ALEXIS MUNOZ-MUNOZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:11-CR-966-3

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

The attorney appointed to represent Edgar Alexis Munoz-Munoz has moved for leave to withdraw and has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011). Munoz-Munoz has not filed a response. We have reviewed counsel's brief and the relevant portions of the record reflected therein. We concur with counsel's assessment that the appeal presents no nonfrivolous issue for appellate review.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-40609

The record does reveal a clerical error in the judgment which stated the offense of conviction as "Possession With Intent to Distribute a Quantity Exceeding Fifty (50) Grams, that is, Approximately 1.3 Grams of Methamphetamine," where the indictment, the guilty plea, and the district court at sentencing recognized the offense of conviction as possession with intent to distribute a quantity exceeding 50 grams, that is, approximately, 1.3 kilograms, of methamphetamine. The judgment should be corrected to reflect that Munoz-Munoz was convicted of possession with intent to distribute a quantity exceeding 50 grams, that is, approximately, 1.3 kilograms, of methamphetamine. *See* FED. R. CRIM. P. 36.

Accordingly, counsel's motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, and the APPEAL IS DISMISSED. *See* 5TH CIR. R. 42.2. This matter is REMANDED for correction of the clerical error pursuant to Federal Rule of Criminal Procedure 36.