**UNITED STATES of America,
Plaintiff–Appellee**

v.

**Eduvar ROJAS–MURGA, Defendant–
Appellant.**

**No. 13–40226
Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

Dec. 17, 2013.

Renata Ann Gowie, Assistant U.S. Attorney, U.S. Attorney's Office, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Molly Estelle Odom, Esq., Assistant Federal Public Defender, Federal Public Defender's Office, H. Michael Sokolow, Assistant Federal Public Defender, Houston, TX, for Defendant–Appellant.

Before DAVIS, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM: *

The Federal Public Defender appointed to represent Eduvar Rojas–Murga has moved for leave to withdraw and has filed a brief in accordance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *United States v. Flores*, 632 F.3d 229 (5th Cir.2011). Rojas–Murga has filed a response and has moved for substitution of counsel or leave to proceed pro se. The record is insuffi-

ciently developed to allow consideration at this time of Rojas–Murga's claim of ineffective assistance of counsel; such a claim generally "cannot be resolved on direct appeal when the claim has not been raised before the district court since no opportunity existed to develop the record on the merits of the allegations." *United States v. Cantwell*, 470 F.3d 1087, 1091 (5th Cir. 2006) (internal quotation marks and citation omitted). We have reviewed counsel's brief and the relevant portions of the record reflected therein, as well as Rojas–Murga's response. We concur with counsel's assessment that the appeal presents no nonfrivolous issue for appellate review. Accordingly, the motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, and the APPEAL IS DISMISSED. *See* 5TH CIR. R. 42.2. Rojas–Murga's motion for substitution of counsel or leave to proceed pro se is DENIED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.