# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-40757
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
May 7, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOHN ANTHONY SAENZ, also known as Daniel,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:12-CR-18-9

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

The attorney appointed to represent John Anthony Saenz has moved for leave to withdraw and has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011). Saenz has filed a response. The record is insufficiently developed to allow consideration at this time of Saenz's claims of ineffective assistance of counsel; such a claim generally "cannot be resolved on direct appeal when the claim has

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

not been raised before the district court since no opportunity existed to develop the record on the merits of the allegations." *United States v. Cantwell*, 470 F.3d 1087, 1091 (5th Cir. 2006) (internal quotation marks and citation omitted). Our decision not to address Saenz's ineffective assistance claims is without prejudice to Saenz's right to assert such claims in a motion pursuant to 28 U.S.C. § 2255.

To the extent Saenz challenges his plea as involuntary, there is no evidence in the record to support this claim. At his plea colloquy, Saenz swore before the district court that he understood the charges against him and the potential sentence he faced, he was satisfied with counsel's representation, his plea was voluntary, his plea was not the result of force or threats, he had an opportunity to read and discussed the plea agreement with counsel, he signed the plea agreement with an understanding of its contents, and he understood the summary of the plea agreement recited by the government. Saenz's "[s]olemn declarations in open court carry a strong presumption of verity." *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). Saenz has not pointed to any evidence in the record to overcome this presumption.

We have reviewed counsel's brief and the relevant portions of the record reflected therein, as well as Saenz's response. We concur with counsel's assessment that the appeal presents no nonfrivolous issue for appellate review. Accordingly, the motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, and the APPEAL IS DISMISSED. *See* 5TH CIR. R. 42.2.