# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 12-41235
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 30, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

> Plaintiff - Appellee

v.

JUAN LARA,

> Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:12-CR-247-1

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:*

The attorney appointed to represent Juan Lara has moved for leave to withdraw and has filed a brief and supplemental brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011). Lara has filed responses and moves for the appointment of new counsel or, alternatively, resentencing or a sentence reduction. Although

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Lara's responses also raise claims of ineffective assistance of counsel, those claims were not presented before the district court. We therefore decline to consider the claims without prejudice to Lara's raising these claims on collateral review. *See United States v. Foy*, 28 F.3d 464, 476 (5th Cir. 1994) ("[T]he general rule in this circuit is that a claim for ineffective assistance of counsel cannot be resolved on direct appeal when the claim has not been raised before the district court since no opportunity existed to develop the record on the merits of the allegations." (quoting *United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir.), *cert. denied*, 506 U.S. 1007 (1992))).

We have reviewed counsel's brief and the relevant portions of the record reflected therein. We concur with counsel's assessment that the record presents no nonfrivolous issue for appellate review. We have also reviewed Lara's responses, which also do not raise a nonfrivolous issue for appeal. Specifically, Lara contends that the district court erred in applying the drug trafficking enhancement because his 2010 Texas conviction was for possession, rather than delivery, of a controlled substance. Lara relies on a state court order, which seems to strike the words "with intent to deliver" from his indictment. That order is dated March 8, 2008. Inconsistent with that order, Lara's plea agreement and final judgment, which are both dated January 25, 2010, reflect that Lara was convicted of "unlawful delivery of a controlled substance." Accepting Lara's argument would require us to invalidate the state court judgment. Accordingly, Lara's challenge is properly characterized as a collateral attack on the prior judgment, which should be brought through a postconviction proceeding in Texas or federal habeas review. *See United States v. Longstreet*, 603 F.3d 273, 276-77 (5th Cir. 2010) ("[A]bsent an allegation that the defendant was denied counsel in the prior proceeding, a district court sentencing a defendant may not entertain a collateral attack on a prior conviction used to enhance the sentence unless such an attack is

No. 12-41235

otherwise recognized by law."); *see also Custis v. United States*, 511 U.S. 485, 497 (1994). Because we find no nonfrivolous issue for appeal, counsel's motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, and the APPEAL IS DISMISSED. *See* 5TH CIR. R. 42.2. Lara's motions for the appointment of new counsel or, alternatively, resentencing or a sentence reduction are DENIED.