# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50052

United States Court of Appeals
Fifth Circuit

**FILED**

February 24, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

OSCAR HUMBERTO REYES,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:13-CR-1451

Before JOLLY and DENNIS, Circuit Judges, and RAMOS, District Court Judge.[*]

PER CURIAM:[**]

Oscar Humberto Reyes pleaded guilty to transportation of aliens within the United States for financial gain, pursuant to 8 U.S.C. §§ 1324(a)(1)(A)(ii), (a)(1)(B)(i), and was sentenced to 15 months of imprisonment and three years

---

[*] District Judge of the Southern District of Texas, sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-50052

of supervised release.  The Federal Public Defender (FPD) for the Western District of Texas was appointed to represent Reyes.

The charge against Reyes stemmed from his role as the pick-up driver for four aliens illegally crossing into the United States from Mexico.  Following their arrests, Reyes and the four aliens were each charged in separate indictments filed in the El Paso Division of the Western District of Texas.  Like Reyes, the FPD was appointed to represent the four aliens in their respective proceedings.  Each alien pleaded guilty to illegal reentry; three were sentenced to time served, and the fourth was sentenced to 12 months of imprisonment.  Unlike Reyes, none of the four aliens filed a notice of appeal.

The Assistant Federal Public Defender (AFPD) who was assigned to represent Reyes on appeal—a different AFPD than the attorney who represented him during plea proceedings—then filed a motion in this court asking that he and the FPD's office be allowed to withdraw due to a "direct conflict of interest between Reyes and the aliens" and that new counsel be appointed.  Counsel contended that his continued representation of Reyes on appeal would violate the Texas ethical rules concerning conflicts of interest between and among clients, namely, Rule 1.06(b) of the Texas Disciplinary Rules of Professional Conduct.[1]  Further, counsel explained that Reyes's possible issues for appeal—that the district court erred in denying a mitigating role adjustment based on relative culpability among the participants and that the factual basis was inadequate regarding the element of knowledge of the aliens' illegal status—make Reyes's interests directly adverse to those of the aliens who Reyes attempted to transport, who were also represented by FPD.

---

[1] *See* Tex. Disciplinary R. Prof. Conduct R. 1.06 (1989), *available at* http://legalethicstexas.com/Ethics-Resources/Rules/Texas-Disciplinary-Rules-of-Professional-Conduct/I--CLIENT-LAWYER-RELATIONSHIP/1-06-Conflict-of-Interest--General-Rule.aspx.

No. 14-50052

Counsel averred that the conflict of interest was not discovered until he reviewed the record on appeal.

On January 8, 2015, this court granted the FPD's motion to withdraw as counsel on appeal and, thereafter, new counsel was appointed. Reyes's new counsel on appeal now moves for leave to withdraw and has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011). When considering counsel's motion to withdraw under *Anders*, we must consider whether the appeal presents a non-frivolous argument and if we find any "legal points arguable on their merits (and therefore not frivolous), [we] must, prior to decision, afford [appellant] the assistance of counsel to argue the appeal." *See United States v. Condren*, 18 F.3d 1190, 1193 n.8 (5th Cir. 1994) (quoting *Anders*, 386 U.S. at 744).

Counsel's *Anders* brief fails to address Reyes's previous attorney's conflict of interest. As noted, Reyes was represented below by FPD, as were the other individuals involved in the criminal conduct for which he was arrested and convicted. Accordingly, Reyes may argue on appeal that he was deprived of his Sixth Amendment right to effective assistance of counsel because he was denied conflict-free counsel. *See Cuyler v. Sullivan*, 446 U.S. 335 (1980); *Perillo v. Johnson*, 205 F.3d 775, 781 (5th Cir. 2000). Although Sixth Amendment claims of ineffective assistance of counsel are generally resolved on collateral review,[2] we have previously vacated a conviction and remanded to the district court on direct appeal where the record demonstrated that counsel had an actual conflict of interest but was insufficient to determine

---

[2] The "general rule in this circuit is that a claim of ineffective assistance of counsel cannot be resolved on direct appeal when the claim has not been raised before the district court since no opportunity existed to develop the record on the merits of the allegations." *See United States v. Gulley*, 526 F.3d 809, 821 (5th Cir. 2008) (quoting *United States v. Higdon*, 832 F.2d 312, 313-14 (5th Cir. 1987) (citations omitted)). "Only in those rare occasions where the record is sufficiently developed will the court undertake to consider claims of inadequate representation on direct appeal." *Id.*

whether such conflict adversely impacted the proceedings. *See United States v. Infante*, 404 F.3d 376, 390-93 (5th Cir. 2005) (vacating the defendant-appellant's conviction and remanding to the district court on direct appeal "for a determination on the question of whether [counsel's] conflict of interest adversely affected his representation"); *see also United States v. Salado*, 339 F.3d 285, 291-92 (5th Cir. 2003) (remanding to the district court on direct appeal where the defendant-appellant "sufficiently alleged that an actual conflict of interest existed based on [counsel's] joint representation such that further examination by the district court of this claim is warranted."). Without expressing any opinion as to the ultimate merit of Reyes's potential Sixth Amendment claim, we conclude that Reyes's prior counsel's conflict of interest below presents a non-frivolous argument on appeal.

Accordingly, the motion to withdraw is DENIED. We ORDER counsel for Reyes to file within 15 days a brief on the merits addressing Reyes's counsel's conflict of interest and any other non-frivolous issues that counsel deems appropriate.