# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-60404
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 7, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

WALTER HAMPTON,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:11-CR-169

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

The Defendant-Appellant, Walter Hampton, pled guilty pursuant to a written plea agreement to Counts 1 and 3 of a three-count indictment. He was sentenced to 205 months and filed a timely notice of appeal. The attorney appointed to represent Hampton on appeal has moved for leave to withdraw and has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011). We have reviewed counsel's brief and the relevant record reflected therein. We disagree

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

with counsel's assessment that the appeal presents no non-frivolous issue for appellate review.  For the following reasons, we find that the district court may have committed reversible error when it accepted Hampton's guilty plea as to Count 3 of the indictment and, relatedly, may have abused its discretion in denying his motion to withdraw his guilty plea.

At his rearraignment hearing, Hampton initially denied guilt as to Count 3.   Ultimately, however, after he was provided with multiple opportunities to confer with his attorney, he pled guilty to both Counts 1 and 3 in accordance with the plea agreement.  Hampton thereafter moved to withdraw his guilty plea and testified at the hearing on the motion to withdraw that his attorney told him that his only options were to (1) sign the plea agreement and plead guilty to both Counts 1 and 3 or (2) go to trial on both Counts.  At this hearing, the attorney confirmed that he told Hampton that his options were to sign the plea agreement (and plead guilty to both Counts 1 and 3) or go to trial.

"The longstanding test for determining the validity of a guilty plea is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Hill v. Lockhart*, 474 U.S. 52, 56 (1985).  Because Hampton may have acted under the misunderstanding that his options were limited to either pleading guilty to both Counts 1 and 3 or going to trial on both Counts, the district court may have abused its discretion in finding that the plea to Count 3 was entered knowingly and in denying Hampton's motion to withdraw the plea. *See United States v. Neal*, 509 F. App'x 302, 306, 308 (5th Cir. 2013) (unpublished) (holding that the district court abused its discretion in denying the defendant's motion to withdraw his guilty plea in part because the court "arguably gave the (incorrect) impression that [the defendant's] choice was binary—that he could

No. 13-60404

either plead guilty to all charges or go to trial on all charges"). Without expressing any opinion as to the ultimate merit of his claims, we conclude that Hampton's possible misunderstanding of his plea options presents non-frivolous arguments regarding the validity of his guilty plea.

Accordingly, it is ordered that counsel's motion for leave to withdraw as counsel is denied. It is further ordered that counsel fully brief the merits of the claims that (1) Hampton's plea to Count 3 of the indictment was not knowing and voluntary, and (2) that the district court abused its discretion when it denied his motion to withdraw his guilty plea to Count 3.

MOTION DENIED. *ANDERS* BRIEF STRICKEN.