# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-40744
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 17, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

PEDRO RODRIGUEZ, III,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 5:14-CR-937-1

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

The attorney appointed to represent Pedro Rodriguez, III, has moved for leave to withdraw and has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011). Rodriguez has filed a response. We have reviewed counsel's brief and the relevant portions of the record reflected therein, as well as Rodriguez's response. Rodriguez contends that his guilty plea was induced by a false

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

promise of no more than a 46-month sentence (which turned out to be the upper end of his guidelines range); as a result of an upward variance, he received a 60-month sentence.

The record does not support Rodriguez's claim that his guilty plea was rendered involuntary by a promise of a certain sentence. In his written plea agreement (which included an appeal waiver), Rodriguez stated that he understood that (1) his sentence had yet to be determined, (2) that any estimate of a possible range of punishment he may have received from counsel or the Government was a mere prediction and not a promise, did not induce his guilty plea, and was not binding on the court, and (3) the Government did not make any promise or representation concerning a potential sentence.

At rearraignment, Rodriguez stated that he had reviewed the plea agreement with counsel, signed it, and agreed to its terms. Rodriguez attested that, aside from what was provided in his plea agreement, which contained no stipulations as to any specific sentence, no one had made any promises to induce his guilty plea and that his plea was voluntary. He also stated that he understood that any prediction of a sentence by counsel was not binding on the court and that he could not withdraw his guilty plea on that basis. In the context of a guilty plea, a defendant's "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Rodriguez's current, unsubstantiated allegations as to a promise of a 46-month sentence are insufficient to overcome the presumption of verity attached to his statements made under oath at rearraignment. *See id.* Consequently, he has not raised a nonfrivolous issue with regard to the validity of his guilty plea. To the extent that Rodriguez seeks to raise a claim that counsel was ineffective for misadvising him regarding his potential sentence, the record is

insufficiently developed to consider such a claim at this time. *See United States v. Isgar*, 739 F.3d 829, 841 (5th Cir.), *cert. denied*, 135 S. Ct. 123 (2014).

Rodriguez also argues that his conviction is void because a Rule 11 colloquy may never be delegated to a non-Article III magistrate judge. However, we have held that a magistrate judge has the statutory authority under § 636(b)(3) to take a Rule 11 guilty plea and that the delegation of the plea colloquy to such a judge does not violate the Constitution. *See United States v. Dees,* 125 F.3d 261, 266 (5th Cir. 1997).

We concur with counsel's assessment that the appeal presents no nonfrivolous issue for appellate review. Accordingly, counsel's motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, and the APPEAL IS DISMISSED. *See* 5TH CIR. R. 42.2. Rodriguez's motion for appointment of counsel or, in the alternative, to proceed pro se is DENIED.