Renata Ann Gowie, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Juan Gonzalez–Guerra, Pro Se.

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM: *

The Federal Public Defender appointed to represent Juan Gonzalez–Guerra has moved for leave to withdraw and has filed a brief in accordance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011). Gonzalez–Guerra has not filed a response. We have reviewed counsel's brief and the relevant portions of the record reflected therein. We concur with counsel's assessment that the appeal presents no nonfrivolous issue for appellate review. Accordingly, counsel's motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, and the APPEAL IS DISMISSED. *See* 5TH CIR. R. 42.2.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

---

UNITED STATES of America, Plaintiff–Appellee

v.

Jorge Adarberto GARCIA, Defendant–Appellant

No. 16–40226
Summary Calendar

United States Court of Appeals, Fifth Circuit.

Date Filed: 10/19/2016

Renata Ann Gowie, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Jorge Adarberto Garcia, Pro Se.

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM: *

The Federal Public Defender appointed to represent Jorge Adarberto Garcia has moved for leave to withdraw and has filed a brief in accordance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011). Garcia has not filed a response. We have reviewed counsel's brief and the relevant portions of the record reflected therein. We concur with counsel's assessment that the appeal presents no nonfrivolous issue for appel-

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

late review. Accordingly, counsel's motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, and the APPEAL IS DISMISSED. *See* 5TH CIR. R. 42.2.

**UNITED STATES of America, Plaintiff–Appellee**

**v.**

**Victor Manuel MACIAS, Defendant–Appellant**

**No. 16–40252**
**Summary Calendar**

United States Court of Appeals, Fifth Circuit.

Date Filed: 10/19/2016

Terri–Lei O'Malley, Assistant U.S. Attorney, Renata Ann Gowie, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Victor Manuel Macias, Pro Se.

Before JONES, WIENER, and CLEMENT, Circuit Judges.

**PER CURIAM:** *

Defendant–Appellant Victor Manuel Macias appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his 101–month sentence for possession with the intent to distribute more than 500 grams of cocaine. His motion was based on Amendment 782 to the Sentencing Guidelines. Macias argues that the district court abused its discretion in denying his motion, contending that the district court's order does not provide a sufficient basis for appellate review because it does not contain reasons for the denial of his § 3582(c)(2) motion. Macias also asserts that the court failed to consider his conduct prior to the offense and his postsentencing rehabilitative efforts and failed to notify him of a new presentence report.

We review for abuse of discretion a district court's decision whether to reduce a sentence pursuant to § 3582(c)(2). *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009). Contrary to Macias's assertion, a district court is not required to provide reasons for denying a § 3582(c)(2) motion. *See id.* at 674. Neither is a district court required to consider the defendant's postsentencing rehabilitative conduct and is under no obligation to grant a sentence reduction despite the defendant's eligibility for one. *See* U.S.S.G. § 1B1.10, comment. (n.1(B)(iii)); *Evans*, 587 F.3d at 673 & n.10. No new presentence report was prepared, so Macias's argument on that issue fails.

The district court's order reflects that it considered Macias's motion, the policy statement under § 1B1.10, and the 18 U.S.C. § 3553(a) factors. Macias has not shown that the denial of his § 3582(c)(2) motion was an abuse of discretion by the district court. *See Evans*, 587 F.3d at 672;

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.