partment of Justice, Tax Division, Appellate Section, Washington, DC, Jon E. Fisher, DC, Gilbert Steven Rothenberg, Esq., Senior Attorney, U.S. Department of Justice, Tax Division, Washington, DC, for Defendant-Appellee United States of America

Kevin K. Russell, Thomas C. Goldstein, Goldstein & Russell, P.C., Bethesda, MD, for Amici Curiae Eva Maze, Margot Lichenstein, Marie Green, Kevin Muench, May F. Muench, Harold D. Blumenkrantz, Nancy R. Blumenkrantz, Harry Radzyner

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM: *

Bernhard Gubser failed to report his overseas bank account to the IRS as required by the Bank Secrecy Act of 1970. *See* 31 U.S.C. § 5314. Gubser received a Letter 3709 from the IRS stating that he had not filed the required report for the 2008 reporting year. The IRS proposed a penalty of $1,363,336—half of the undisclosed account balance at the time of the violation—for Gubser's willful failure to file the report. *See* 31 U.S.C. § 5321(a)(5). The letter gave Gubser the following options: (1) agree to the proposed penalty and make payment; (2) disagree and request a conference with the IRS Appeals Office; or (3) do nothing and the IRS "will assess the penalty and begin collection procedures."

Gubser chose the second option. He alleges that he met with an IRS Appeals officer who told him that the IRS likely could prove by a preponderance of the evidence—but not by clear and convincing evidence—that he willfully failed to report the overseas account. Gubser brought a complaint seeking a declaration that the

IRS must prove a willful failure to report by clear and convincing evidence. Gubser is still in the Appeals process and a penalty has not been assessed.

The government moved to dismiss for lack of jurisdiction, arguing that Gubser lacks standing, the case is not ripe, and the government has not waived sovereign immunity. The district court granted the motion to dismiss, holding that Gubser lacks standing for failure to show redressability. In particular, the district court found it was "highly speculative" and "far from likely" that Gubser's requested declaration would prevent the IRS from assessing a penalty. It did not reach the government's ripeness and sovereign immunity arguments.

For the reasons essentially given by the district court, we agree that Gubser fails to establish standing.

AFFIRMED.

**UNITED STATES of America,
Plaintiff-Appellee**

v.

**Jaime ANDRADE-SIERRA,
Defendant-Appellant**

**No. 16-41011
Summary Calendar**

United States Court of Appeals,
Fifth Circuit.

Filed March 13, 2017

---

Carmen Castillo Mitchell, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff-Appellee

Jaime Andrade-Sierra, Pro Se

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM: *

The Federal Public Defender appointed to represent Jaime Andrade-Sierra has moved for leave to withdraw and has filed a brief in accordance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011). Andrade-Sierra has not filed a response. We have reviewed counsel's brief and the relevant portions of the record reflected therein. We concur with counsel's assessment that the appeal presents no nonfrivolous issue for appellate review. Accordingly, counsel's motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, and the APPEAL IS DISMISSED. *See* 5TH CIR. R. 42.2.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.