Carmen Castillo Mitchell, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff-Appellee

Jaime Andrade-Sierra, Pro Se

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM: *

The Federal Public Defender appointed to represent Jaime Andrade-Sierra has moved for leave to withdraw and has filed a brief in accordance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011). Andrade-Sierra has not filed a response. We have reviewed counsel's brief and the relevant portions of the record reflected therein. We concur with counsel's assessment that the appeal presents no nonfrivolous issue for appellate review. Accordingly, counsel's motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, and the APPEAL IS DISMISSED. *See* 5TH CIR. R. 42.2.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

---

UNITED STATES of America, Plaintiff-Appellee

v.

Nicolas BENITEZ-TORRES, Defendant-Appellant

No. 16-41036
Summary Calendar

United States Court of Appeals, Fifth Circuit.

Filed March 13, 2017

Carmen Castillo Mitchell, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff-Appellee

Nicolas Benitez-Torres, Pro Se

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM: *

The attorney appointed to represent Nicolas Benitez-Torres has moved for leave to withdraw and has filed a brief in accordance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011). Benitez-Torres has filed a response. We have reviewed counsel's brief, Benitez-Torres' response, and the relevant portions of the record reflected therein. We concur with counsel's assessment that the appeal presents no nonfrivo-

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

lous issue for appellate review. Accordingly, counsel's motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, and the APPEAL IS DISMISSED. *See* 5TH CIR. R. 42.2.

**UNITED STATES of America,**
**Plaintiff-Appellee**

v.

**Isabel MUNOZ, also known as Chavel, also known as Chavel Munoz, also known as Isabel Munoz, Jr., also known as Chubby Munoz, also known as Isabel Chavel, Defendant-Appellant**

**No. 16-50303**
**Summary Calendar**

United States Court of Appeals,
Fifth Circuit.

Filed March 13, 2017

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, Western District of Texas, San Antonio, TX, for Plaintiff-Appellee

James Scott Sullivan, Esq., Law Offices of J. Scott Sullivan, San Antonio, TX, for Defendant-Appellant

Isabel Munoz, Pro Se

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM: *

Isabel Munoz appeals his guilty plea conviction and 150-month sentence of imprisonment for conspiring to possess with intent to distribute 500 grams or more of methamphetamine. *See* 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846. Reviewing for plain error, we affirm. *See Puckett v. United States*, 556 U.S. 129, 135, 129 S.Ct. 1423, 173 L.Ed.2d 266 (2009).

We reject the contention that Munoz's plea agreement and guilty plea were not made knowingly and voluntarily and are therefore invalid. Even viewed most favorably to Munoz, the record does not show a conspicuous or readily apparent district court error in accepting his guilty plea but instead shows that this claim is at least subject to reasonable dispute. *See Puckett*, 556 U.S. at 135, 129 S.Ct. 1423; *United States v. Ellis*, 564 F.3d 370, 377-78 (5th Cir. 2009); *United States v. Dupre*, 117 F.3d 810, 817 (5th Cir. 1997). Therefore, there can be no plain error. *See Puckett*, 556 U.S. at 135, 129 S.Ct. 1423; *Ellis*, 564 F.3d at 377-78. Moreover, even if there was an error beyond reasonable dispute, Munoz does not "show a reasonable probability that, but for the error, he would not have entered the [guilty] plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83, 124 S.Ct. 2333, 159 L.Ed.2d 157 (2004). Thus, he has not shown that his substantial rights were affected, and he consequently fails to satisfy the plain error standard of review. *See Puckett*, 556 U.S. at 135, 129 S.Ct. 1423; *United States v. Johnson*, 1 F.3d 296, 298 (5th Cir. 1993) (en banc).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.