# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-11591
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 3, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MICHAEL SEAN GOSS, also known as "Killer,"

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CR-121-4

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

The attorney appointed to represent Michael Sean Goss has moved for leave to withdraw and has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011). Goss has filed an untimely response, which we construe as a motion for leave to file an out-of-time response. We GRANT Goss leave to file his untimely response. We have reviewed counsel's brief and the relevant portions of the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-11591

record reflected therein, as well as Goss's response.  We agree with counsel's assessment that the appeal presents no nonfrivolous issue for appellate review.

Goss argues that the district court erred in applying the two-level enhancement under U.S.S.G. § 2D1.1(b)(1) for possession of a firearm.  "A defendant's sentence may properly be enhanced under U.S.S.G. § 2D1.1(b)(1) if the possession of a firearm by one of his coconspirators was reasonably foreseeable."  *United States v. Hernandez*, 457 F.3d 416, 423 (5th Cir. 2006).  As stated in the PSR, Goss purchased methamphetamine multiple times from a coconspirator who was known to carry a firearm during drug transactions.  This court has held that a coconspirator's use of a firearm in a drug transaction will ordinarily be foreseeable "because firearms are tools of the trade in drug conspiracies."  *Id.* (quoting *United States v. Dixon*, 132 F.3d 192, 202 (5th Cir. 1997)).  Thus, Goss has not raised a non-frivolous argument with respect to this enhancement.

Goss also argues that there is insufficient evidence that he "maintained" a premises for the purpose of manufacturing or distributing a controlled substance within the meaning of U.S.S.G. § 2D1.1(b)(12).  Though Goss filed a written objection to the application of § 2D1.1(b)(12), he withdrew his objection at sentencing.  A defendant's withdrawal of an objection constitutes the waiver of that objection, and "[w]aived errors are entirely unreviewable."  *United States v. Musquiz*, 45 F.3d 927, 931 (5th Cir. 1995).  Therefore, Goss has failed to present a nonfrivolous issue for appeal with respect to the application of § 2D1.1(b)(12).  *See United States v. Rico*, 864 F.3d 381, 384 (5th Cir. 2017) (withdrawal of written objection to enhancement at sentencing hearing constituted waiver).

No. 16-11591

Accordingly, counsel's motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, and the APPEAL IS DISMISSED.  *See* 5TH CIR. R. 42.2.