# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-20262
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 19, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

AARON DEWAYNE VALDEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:14-CR-356-9

Before JOLLY, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

The attorney appointed to represent Aaron Dewayne Valdez has moved for leave to withdraw and has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011). Valdez has filed a response. To the extent that Valdez raises a claim of ineffective assistance of counsel, the record is not sufficiently developed to allow us to make a fair evaluation of the claim; we therefore

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

decline to consider the claim without prejudice to collateral review. *See United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014).

We have reviewed counsel's brief and the relevant portions of the record reflected therein, as well as Valdez's response. We concur with counsel's assessment that the appeal presents no nonfrivolous issue for appellate review.

Our review reveals a clerical error in the judgment. Valdez pleaded guilty to conspiracy to possess with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A)(viii). The judgment incorrectly retains a heroin allegation and the corresponding penalty provision even though that allegation was dismissed on the Government's motion as part of Valdez's plea agreement.

Accordingly, counsel's motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, and the APPEAL IS DISMISSED. *See* 5TH CIR. R. 42.2. This matter is REMANDED for the limited purpose of correcting the clerical error in the judgment. *See* FED. R. CRIM. P. 36.