# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-10587
Conference Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 15, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff−Appellee,

versus

BRIAN ANTHONY ADAMS,

Defendant−Appellant.

Appeal from the United States District Court
for the Northern District of Texas
No. 3:16-CR-246-1

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

The Federal Public Defender appointed to represent Brian Adams has

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-10587

moved for leave to withdraw and has filed a brief per *Anders v. California*, 386 U.S. 738 (1967), and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011). Adams has not filed a response. We have reviewed counsel's brief and the relevant portions of the record. We concur with counsel's assessment that the appeal presents no nonfrivolous issue for appellate review.

There is a clerical error in the judgment. *See* FED. R. CRIM. P. 36. Specifically, as to the conviction of possession of a firearm in furtherance of a drug trafficking crime, the judgment mistakenly referred to 18 U.S.C. § 924(c)(1)(C)(i) as the applicable statute instead of the correct statute, § 924(c)(1)(A)(i). Subsection (c)(1)(C)(i) provides for a 25-year mandatory minimum sentence for a second or subsequent § 924(c) offense, while § 924(c)(1)(A)(i) provides for a five-year mandatory minimum.

Accordingly, the motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, and the appeal is DISMISSED. *See* 5TH CIR. R. 42.2. This matter is REMANDED for the limited purpose of correction of the clerical error to reflect that Adams was sentenced under § 924(c)(1)(A)(i). *See* FED. R. CRIM. P. 36.