# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 9, 2021

Lyle W. Cayce
Clerk

No. 20-40792
Conference Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JESUS ERASMO ALANIZ-GARCIA,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:18-CR-120-4

Before KING, SOUTHWICK, and HO, *Circuit Judges*.

PER CURIAM:*

The Federal Public Defender appointed to represent Jesus Erasmo Alaniz-Garcia has moved for leave to withdraw and has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011). Alaniz-Garcia has not filed a response.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-40792

We have reviewed counsel's brief and the relevant portions of the record reflected therein. We concur with counsel's assessment that the appeal presents no nonfrivolous issue for appellate review.

However, we have identified a clerical error in the written judgment. Although the district court's orally pronounced sentence ordered that the eight-month revocation sentence was as to each of the two original counts of conviction and that the eight months would be served concurrently as to both of those counts, the written judgment does not specifically state that. The district court's intention can be inferred in the written judgment based on the fact that after stating that the sentence is a total term of eight months of imprisonment, the following text states that the imprisonment term consists of "4 MONTHS as to each of Counts 1 and 7 to run consecutively to and 4 MONTHS as to each of Counts 1 and 7 to run concurrently with" the term of imprisonment imposed for the new illegal reentry sentence. Out of an abundance of caution, we ORDER the district court to issue a clarifying correction of the judgment under Federal Rule of Criminal Procedure 36 to state the oral pronouncement explicitly in the written judgment.

Accordingly, counsel's motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, and the APPEAL IS DISMISSED. *See* 5TH CIR. R. 42.2. The case is REMANDED to the district court for the limited purpose of correcting the judgment to conform with the orally pronounced sentence. *See* FED. R. CRIM. P. 36.