# United States Court of Appeals
# for the Fifth Circuit

---

No. 22-50720
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
June 9, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Bryant Cole Collins,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:21-CR-822-1

---

Before King, Higginson, and Willett, *Circuit Judges*.

Per Curiam:[*]

The attorney appointed to represent Bryant Cole Collins seeks leave to withdraw and has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011). Collins has filed responses. The record is not sufficiently developed to allow us to make a fair evaluation of Collins's claims of ineffective assistance of

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-50720

counsel; we therefore decline to consider the claims without prejudice to collateral review. *See United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014).

We have reviewed counsel's brief and the relevant portions of the record reflected therein, as well as Collinss's responses. We concur with counsel's assessment that the appeal presents no nonfrivolous issue for appellate review. However, we note that the judgment contains a clerical error in that it fails to identify 8 U.S.C. § 1324(a)(1)(A)(v)(II) as a violated statutory provision. The Government will not be prejudiced if the district court corrects this omission on remand.

Accordingly, the motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, and the appeal is DISMISSED. *See* 5TH CIR. R. 42.2. The case is REMANDED to the district court for the limited purpose of correcting the judgment to include 8 U.S.C. § 1324(a)(1)(A)(v)(II) as a violated statutory provision. *See* FED. R. CRIM. P. 36.