# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 28, 2025

Lyle W. Cayce
Clerk

No. 24-40126
Summary Calendar

———————————

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JOSE GUADALUPE ZALETA-BENITO,

*Defendant—Appellant*.

———————————————————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:17-CR-203-34

———————————————————————————

Before KING, SOUTHWICK, and ENGELHARDT, *Circuit Judges*

PER CURIAM:[*]

The attorney appointed to represent Jose Guadalupe Zaleta-Benito has moved for leave to withdraw and has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011). Zaleta-Benito has filed a response. The record is not sufficiently developed to allow us to make a fair evaluation of Zaleta-Benito's

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

claims of ineffective assistance of counsel; we therefore decline to consider the claims without prejudice to collateral review. *See United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014).

We have reviewed counsel's brief and the relevant portions of the record reflected therein, as well as Zaleta-Benito's response. We concur with counsel's assessment that the appeal presents no nonfrivolous issue for appellate review. Accordingly, the motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, and the appeal is DISMISSED. *See* 5TH CIR. R. 42.2. Zaleta-Benito's motion to file an out-of-time response is GRANTED, and his motions to compel counsel to provide the full case file and for the appointment of new counsel are DENIED.

However, the judgment contains two clerical errors. Although the record reflects that Zaleta-Benito pled guilty to an information, the judgment states that he pled guilty to an indictment. Also, the judgment states that the statute of conviction includes 18 U.S.C. § 1956(a)(1)(i) when it should state § 1956(a)(1)(A)(i). We therefore REMAND to the district court for correction of these clerical errors. *See* FED. R. CRIM. P. 36.