# United States Court of Appeals for the Fifth Circuit

———————————

No. 24-40826
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

January 12, 2026

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Kevin Jamal Riley,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:21-CR-284-1

———————————————————————

Before King, Haynes, and Ho, *Circuit Judges*.

Per Curiam:[*]

The Federal Public Defender appointed to represent Kevin Jamal Riley has moved for leave to withdraw and has filed briefs under *Anders v. California*, 386 U.S. 738 (1967), and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011). Riley has filed responses. The record is not sufficiently developed to make a fair evaluation of Riley's claim of ineffective assistance of counsel;

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

we therefore decline to consider the claim without prejudice to collateral review. *See United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014).

We have reviewed counsel's briefs and the relevant portions of the record reflected therein, as well as Riley's responses. We concur with counsel's assessment that the appeal presents no nonfrivolous issue for appellate review. Accordingly, the motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, and the appeal is DISMISSED. *See* 5TH CIR. R. 42.2.

Our review of the record reveals a clerical error in the written judgment. The district court orally waived assessments under the Justice for Victims of Trafficking Act (JVTA) and the Amy, Vicky, and Andy Child Pornography Victim Assistance Act (AVAA) based on a finding of indigency, but the written judgment reflects two $5,000 assessments under those statutes. We therefore REMAND to the district court for the limited purpose of correcting this clerical error. *See* FED. R. CRIM. P. 36.