# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-10667
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 8, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

CHRISTINA STATON,

Defendant–Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:14-CR-451

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

The attorney appointed to represent Christina Staton has moved for leave to withdraw and has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011). Staton has filed a response. The record is not sufficiently developed to allow us to make a fair evaluation of Staton's claim of ineffective assistance of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-10667

counsel; we therefore decline to consider the claim without prejudice to collateral review. *See United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014).

We have reviewed counsel's brief and the relevant portions of the record reflected therein, as well as Staton's response. We concur with counsel's assessment that the appeal presents no nonfrivolous issue for appellate review. Accordingly, the motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, Staton's motion for appointment of substitute counsel is DENIED, and the APPEAL IS DISMISSED. *See* 5TH CIR. R. 42.2.

However, the judgment contains a clerical error pertaining to Staton's conviction for conspiring to possess with intent to distribute a controlled substance, to wit: it identifies the statutes violated as "21 USC § 846 [21 USC § 846(a)(1) and (b)(1)(C)]"; the bracketed portion should instead refer to 21 U.S.C § 841(a)(1) and (b)(1)(C). We therefore REMAND to the district court for correction of this clerical error. *See* FED. R. CRIM. P. 36.