# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-20608
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 22, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANTONIO MENDEZ SAUCEDO, also known as Roberto Mendez, also known as Antonio M. Saucedo,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:15-CR-279-1

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:*

The attorney appointed to represent Antonio Mendez Saucedo has moved for leave to withdraw and has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011). Saucedo has not filed a response. We have reviewed counsel's brief and the relevant portions of the record reflected therein. We concur in

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

counsel's assessment that the appeal presents no nonfrivolous issue for appellate review.

However, we must address one issue before dismissing this appeal. The district court's judgment lists 18 U.S.C. § 1326(b)(2) as the statute under which Saucedo was convicted and sentenced. This provision deals with illegal reentry of aliens who have previously been removed subsequent to a conviction for commission of an aggravated felony. It provides for a 20-year maximum sentence compared to the 10-year maximum applicable to defendants with a prior non-aggravated felony conviction. Yet, Saucedo's prior conviction of a Texas offense resulted in a sentence of deferred adjudication probation, and this conviction is therefore not a conviction for an aggravated felony for purposes of §1326(b)(2). *See United States v. Mondragon-Santiago*, 564 F.3d 357, 369 (5th Cir. 2009) (holding that an offense for which the defendant was sentenced to deferred adjudication probation under Texas law is not an aggravated felony). The district court's judgment of conviction under § 1326(b)(2), to which Saucedo did object below, is therefore plainly erroneous.

Nevertheless, because the record in this case does not indicate that the district court's sentence "was influenced by an incorrect understanding of the statutory maximum sentence," the error did not affect Saucedo's substantial rights and therefore does not merit vacation of his sentence. *Mondragon-Santiago*, 564 F.3d at 369. The judgment of the district court is therefore REFORMED to reflect conviction and sentencing under 8 U.S.C. § 1326(b)(1). *See Mondragon-Santiago*, 564 F.3d at 367-69. Counsel's motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, and the appeal is DISMISSED. *See* 5TH CIR. R. 42.2.