Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, Western District of Texas, San Antonio, TX, for Plaintiff–Appellee

Nathaniel Lynn Guerra, Pro Se

Before HIGGINBOTHAM, HAYNES, and GRAVES, Circuit Judges.

PER CURIAM: *

Nathaniel Lynn Guerra, federal prisoner # 83596–180, seeks leave to proceed in forma pauperis (IFP) on appeal from the district court's denial of his 18 U.S.C. § 3582(c)(2) motion seeking modification of his sentence for conspiracy to distribute methamphetamine and possession with intent to distribute methamphetamine based on Amendment 782 to the Sentencing Guidelines. By moving to proceed IFP, Guerra is challenging the district court's certification decision that his appeal was not taken in good faith because it is frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

In this court, Guerra argues that the district court abused its discretion in denying his motion for a sentence reduction. He contends that he was eligible for a sentence reduction under Amendment 782 and that the district court failed to consider the 18 U.S.C. § 3553(a) factors, as well as the length of time he has served and his post-sentencing conduct, including his completion of educational courses. We review for abuse of discretion a district court's decision whether to reduce a sentence pursuant to § 3582(c)(2). *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011).

In its order denying relief, the district court implicitly determined that Guerra was eligible for a sentence reduction. *See*

*Dillon v. United States*, 560 U.S. 817, 826–27, 130 S.Ct. 2683, 177 L.Ed.2d 271 (2010). However, the district court denied his motion as a matter of discretion because it had granted a downward departure when Guerra was originally sentenced, Guerra's original sentence was within the amended guidelines range, and Guerra had a significant criminal history. Because the district court gave due consideration to Guerra's motion and the § 3553(a) factors, Guerra has not shown that the district court abused its discretion in denying his § 3582(c)(2) motion. *See Henderson*, 636 F.3d at 717.

This appeal does not present a nonfrivolous issue. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, Guerra's motion for leave to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

**UNITED STATES of America, Plaintiff–Appellee**

v.

**Marcos ROBLEDO, Defendant–Appellant**

**No. 16-10091**

**Summary Calendar**

United States Court of Appeals, Fifth Circuit.

Date Filed: 11/01/2016

---

James Wesley Hendrix, Assistant U.S. Attorney, U.S. Attorney's Office, Northern District of Texas, Dallas, TX, for Plaintiff–Appellee

Marcos Robledo, Pro Se

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM: *

The Federal Public Defender appointed to represent Marcos Robledo has moved for leave to withdraw and has filed a brief in accordance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011). Robledo has not filed a response. We have reviewed counsel's brief and the relevant portions of the record reflected therein. We concur with counsel's assessment that the appeal presents no nonfrivolous issue for appellate review. Accordingly, counsel's motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, and the APPEAL IS DISMISSED. *See* 5TH CIR. R. 42.2.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

