Renata Ann Gowie, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff-Appellee

Miguel Alarcon-Vega, Pro Se

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM: *

The Federal Public Defender appointed to represent Miguel Alarcon-Vega has moved for leave to withdraw and has filed a brief in accordance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011). Alarcon-Vega has not filed a response. We have reviewed counsel's brief and the relevant portions of the record reflected therein. We concur with counsel's assessment that the appeal presents no nonfrivolous issue for appellate review. Accordingly, counsel's motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, and the APPEAL IS DISMISSED. *See* 5TH CIR. R. 42.2.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

---

**UNITED STATES of America, Plaintiff-Appellee**

v.

**Hernan Adalberto LAZO-MENDEZ, also known as German Lazo-Mendez, Defendant-Appellant**

**No. 16-40598**
**Summary Calendar**

United States Court of Appeals, Fifth Circuit.

Date Filed: 12/05/2016

Renata Ann Gowie, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff-Appellee

Hernan Adalberto Lazo-Mendez, Pro Se

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM: *

The Federal Public Defender appointed to represent Hernan Adalberto Lazo-Mendez has moved for leave to withdraw and has filed a brief in accordance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011). Lazo-Mendez has not filed a response. We have reviewed counsel's brief and the relevant portions of the record reflected therein. We concur with counsel's assessment

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that the appeal presents no nonfrivolous issue for appellate review. Accordingly, counsel's motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, and the APPEAL IS DISMISSED. *See* 5TH CIR. R. 42.2.

**UNITED STATES of America, Plaintiff-Appellee**

**v.**

**Angel De Jesus SANABIA-SANCHEZ, also known as Angel Sarabia-Sanchez, Defendant-Appellant**

No. 14-41123
Summary Calendar

United States Court of Appeals, Fifth Circuit.

Date Filed: 12/06/2016

Anna Elizabeth Kalluri, Assistant U.S. Attorney, Renata Ann Gowie, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff-Appellee

Marjorie A. Meyers, Federal Public Defender, Timothy William Crooks, Assistant Federal Public Defender, Michael Lance Herman, Assistant Federal Public Defender, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant-Appellant

Angel De Jesus Sanabia-Sanchez, Pro Se

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM: *

Following his guilty plea conviction for illegal reentry, Angel De Jesus Sanabia-Sanchez was sentenced to 33 months of imprisonment, which sentence included an eight-level enhancement, pursuant to U.S.S.G. § 2L1.2(b)(1)(C), based on his prior Texas conviction for burglary of a motor vehicle. For the first time on appeal, Sanabia-Sanchez argues that the district court committed reversible plain error when it concluded that his prior burglary of a motor vehicle conviction qualified as a "crime of violence" under 18 U.S.C. § 16(b) and thus constituted an "aggravated felony" under 8 U.S.C. § 1101(a)(43)(F), triggering the then-applicable § 2L1.2(b)(1)(C) enhancement and the increased statutory maximum under 18 U.S.C. § 1326(b)(2). Relying primarily on *Johnson v. United States*, — U.S. —, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), Sanabia-Sanchez argues that the definition of a crime of violence in § 16(b), as incorporated by reference into the definition of an aggravated felony in § 1101(a)(43)(F), is unconstitutionally vague on its face. He further contends that this court cannot apply § 16(b) in this case without violating due process.

The Government has filed an unopposed motion for summary affirmance, urging that Sanabia-Sanchez's arguments are foreclosed by our recent decision in *United*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.