Mary Ann McIntyre White, Edmond Wade Shows, Shows, Cali & Walsh, L.L.P., Baton Rouge, LA, for Defendants-Appellees Renee Ellender Roberie, Curt Eysink, Kevin Monk, Janell Bosarge, Mark S. Martin

Before WIENER, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM: *

The Randolph-Sheppard Act requires the federal government to prefer hiring blind people as operators of "vending facilities" on federal property. *See* 20 U.S.C. § 107. Under the Act, the State of Louisiana licenses "blind vendors" as facility managers. *See generally* § 107a(a)(5) (authorizing a designated state agency "to issue licenses to blind persons [to operate] vending facilities on Federal and other property"). When the government solicits bids for vending services, it invites the State, working with a blind vendor, to participate. The government will award the State and its vendor the contract if they submit a bid "to provide food service at comparable cost and of comparable high quality as that available from other providers[.]" 34 C.F.R. § 395.33.

The United States Army maintains a contract under the Randolph-Sheppard Act for its cafeteria needs at Fort Polk, a training center in Leesville, Louisiana. Historically, because of the complexity of this arrangement, Fort Polk's blind vendor has worked with a "teaming partner"— another person or entity that specializes in managing large-scale food services contracts. From 2001 to 2012, Cantu Services, Inc. served as the teaming partner to the blind vendor at Fort Polk.

In 2011, the State of Louisiana selected Melvin "Lee" Frazier as its blind vendor for future bids on the cafeteria contract at Fort Polk. When the State selected a different teaming partner to work with Frazier, Cantu Services sued, asserting due process and equal protection claims against the State Officials responsible for the decision and a breach-of-contract claim against Frazier. After two rounds of briefing, the district court granted summary judgment on the constitutional claims against the State Officials. After two days of trial, the district court granted Frazier's motion for judgment as a matter of law on the breach-of-contract claim.

Based on our review of the briefs, the applicable law, the record, and the arguments of counsel, we AFFIRM the judgment of the district court.[1]

**UNITED STATES of America,**
**Plaintiff-Appellee**

v.

**Arnulfo De LUNA-MUNOZ,**
**Defendant-Appellant**

No. 16-40217
**Conference Calendar**

United States Court of Appeals,
Fifth Circuit.

Filed: 12/20/2016

---

Renata Ann Gowie, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff-Appellee

Arnulfo De Luna-Munoz, Pro Se

Before DENNIS, PRADO, and OWEN, Circuit Judges.

PER CURIAM: *

The Federal Public Defender appointed to represent Arnulfo De Luna-Munoz has moved for leave to withdraw and has filed a brief in accordance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011). De Luna-Munoz has not filed a response. We have reviewed counsel's brief and the relevant portions of the record reflected therein. We concur with counsel's assessment that the appeal presents no nonfrivolous issue for appellate review. Accordingly, counsel's motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, and the APPEAL IS DISMISSED. *See* 5TH CIR. R. 42.2.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.