# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-40405
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 26, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SEVERIANO V. SANTIBANEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:13-CR-266-3

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

The attorney appointed to represent Severiano V. Santibanez has moved for leave to withdraw and has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011). Santibanez has filed an untimely response, which we construe as a motion for leave to file an out-of-time response and GRANT.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-40405

The record is not sufficiently developed to allow us to make a fair evaluation of Santibanez's claims of ineffective assistance of counsel; we therefore decline to consider the claims without prejudice to collateral review. *See United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014).

We have reviewed counsel's brief and the relevant portions of the record reflected therein, as well as Santibanez's response. We concur with counsel's assessment that the appeal presents no nonfrivolous issue for appellate review. Accordingly, the motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, and the APPEAL IS DISMISSED. *See* 5TH CIR. R. 42.2.

The record reflects a clerical error in the written judgment. Although the judgment refers to the offense of conviction as conspiracy to possess with intent to *manufacture* and distribute methamphetamine, the record reflects that Santibanez pleaded guilty to conspiracy to possess with intent to distribute methamphetamine. Accordingly, we REMAND for the limited purpose of correction of the clerical error in the written judgment in accordance with Federal Rule of Criminal Procedure 36.