# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-50449
Summary Calendar

United States Court of Appeals
Fif h Circuit

**FILED**
September 7, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JORGE ALBERTO GAYTAN MARTELL, also known as Jorge, also known as Gera, also known as Gerardo Carreon, also known as Aaron Cordero, also known as Alejandro Carrillo,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:15-CR-182-6

Before JOLLY, OWEN, and HAYNES, Circuit Judges

PER CURIAM:*

The attorney appointed to represent Jorge Alberto Gaytan Martell, Shannon Charles Hooks, has moved for leave to withdraw and has filed briefs in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011). Gaytan Martell has filed a response. The record is not sufficiently developed to allow us to make a fair evaluation of

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-50449

Gaytan Martell's claim of ineffective assistance of counsel; we therefore decline to consider the claim without prejudice to collateral review. *See United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014).

We have reviewed counsel's briefs and the relevant portions of the record reflected therein, as well as Gaytan Martell's response. We concur with counsel's assessment that the appeal presents no nonfrivolous issue for appellate review. Accordingly, counsel's motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, and the APPEAL IS DISMISSED. *See* 5TH CIR. R. 42.2.

Nevertheless, we note that counsel's initial and supplemental briefs failed adequately to address the appeal waiver's scope and enforceability, offering no legal analysis and, in the case of the supplemental brief, inaccurately setting out the terms of the waiver. We have previously admonished counsel regarding such deficiencies. Counsel is WARNED that continued deficient performance may result in the imposition of sanctions, including the denial of payment for services rendered, removal from cases, or disqualification from performing work pursuant to the Criminal Justice Act in cases appealed to this court.