Carmen Castillo Mitchell, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff-Appellee

Fidencio Alejandro Reyes-Garcia, Pro Se

Before KING, OWEN, and HIGGINSON, Circuit Judges.

PER CURIAM: *

The Federal Public Defender appointed to represent Fidencio Alejandro Reyes-Garcia has moved for leave to withdraw and has filed a brief in accordance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011). Reyes-Garcia has not filed a response. We have reviewed counsel's brief and the relevant portions of the record reflected therein. We concur with counsel's assessment that the appeal presents no nonfrivolous issue for appellate review. Accordingly, counsel's motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, and the APPEAL IS DISMISSED. *See* 5TH CIR. R. 42.2.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

---

**UNITED STATES of America, Plaintiff-Appellee**

v.

**John Edward DORSEY, Defendant-Appellant**

**No. 17-40110**
**Conference Calendar**

United States Court of Appeals, Fifth Circuit.

Filed October 24, 2017

Carmen Castillo Mitchell, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff-Appellee

John Edward Dorsey, Pro Se

Before KING, OWEN, and HIGGINSON, Circuit Judges.

PER CURIAM: *

The Federal Public Defender appointed to represent John Edward Dorsey has moved for leave to withdraw and has filed a brief in accordance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011). Dorsey has not filed a response. We have reviewed counsel's brief and the relevant portions of the record reflected therein. We concur with counsel's assessment that the appeal presents no nonfrivolous issue

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

for appellate review. Accordingly, counsel's motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, and the APPEAL IS DISMISSED. *See* 5TH CIR. R. 42.2.

**UNITED STATES of America,
Plaintiff-Appellee**

v.

**Robert Lee PRESAS, Defendant-Appellant**

**No. 17-40139
Summary Calendar**

United States Court of Appeals,
Fifth Circuit.

Filed October 24, 2017

Amy Howell Alaniz, Assistant U.S. Attorney, Carmen Castillo Mitchell, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff-Appellee

Marjorie A. Meyers, Federal Public Defender, Scott Andrew Martin, Assistant Federal Public Defender, John Moreno Parras, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant-Appellant

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

PER CURIAM: *

Robert Lee Presas, federal prisoner # 41912-179, appeals the sentence imposed following the most recent revocation of his term of supervised release, which was based on his arrest for again assaulting his long-time companion, Michelle Llamas. Presas challenges a special condition of supervised release imposed by the district court that prohibits him from all contact with Llamas or her family without the prior written consent of the probation officer.

"A district court has wide discretion in imposing terms and conditions of supervised release." *United States v. Paul,* 274 F.3d 155, 164 (5th Cir. 2001). The sentencing court may impose "any ... condition it considers to be appropriate" so long as the condition "is reasonably related" to certain sentencing factors set forth in 18 U.S.C. § 3553(a), it "involves no greater deprivation of liberty than is reasonably necessary," and it "is consistent with any pertinent policy statements issued by the Sentencing Commission." 18 U.S.C. § 3583(d). In the instant case, Presas argues that this condition is overly broad and it involves a greater deprivation than reasonably necessary of his liberty interest in maintaining an intimate relationship with Llamas. We review the imposition of a discretionary condition of supervised release for an abuse of discretion. *United States v. Ellis,* 720 F.3d 220, 224 (5th Cir. 2013).

We conclude that the district court did not abuse its discretion in imposing this condition. This condition prohibits Presas from contacting only a small group of peo-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.