# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-41496
Conference Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 24, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CARLOS ARTURO CATANOS-MATOS, also known as Carlos Arturo
Catano-Garcia,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 6:16-CR-46-1

Before KING, OWEN, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

The Federal Public Defender appointed to represent Carlos Arturo Catanos-Matos has moved for leave to withdraw and has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011). Catanos-Matos has not filed a response. We have reviewed counsel's brief and the relevant portions of the record

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-41496

reflected therein. We concur with counsel's assessment that the appeal presents no nonfrivolous issue for appellate review.[1] Accordingly, counsel's motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, and the APPEAL IS DISMISSED. *See* 5TH CIR. R. 42.2.

---

[1] In his pro se notice of appeal, Catanos-Matos complained that the probation officer had wrongly assigned him a criminal history category of IV rather than III. In preparing the presentence report, the probation officer correctly determined that Catanos-Matos had eight criminal history points, which resulted in a criminal history category of IV; however, when setting forth the sentencing options, the probation officer wrongly stated that Catanos-Matos had a criminal history category of III. At sentencing, the parties, the probation officer, and the court noted the error and the correct category of IV, but the district court ultimately sentenced Catanos-Matos below the applicable guidelines range to a sentence that would have been within the range if the criminal history category had been III. No nonfrivolous error arises from the determination of the criminal history category.