# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-41029
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 23, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

> Plaintiff−Appellee,

versus

ELIPDIO JORDAN-MALDONADO,

> Defendant−Appellant.

Appeal from the United States District Court
for the Eastern District of Texas
No. 4:14-CR-91-12

Before JONES, SMITH, and COSTA, Circuit Judges.

PER CURIAM:[*]

The attorney appointed to represent Elipdio Jordan-Maldonado has

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-41029

moved for leave to withdraw and has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011). Jordan-Maldonado has filed a response. The record is not sufficiently developed for us to make a fair evaluation of Jordan-Maldonado's claims of ineffective assistance of counsel, so we decline to consider them without prejudice to collateral review. *See United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014).

We have reviewed counsel's brief, relevant portions of the record, and Jordan-Maldonado's response. We concur with counsel's assessment that the appeal presents no nonfrivolous issue for appellate review. Accordingly, the motion for leave to withdraw is GRANTED, and counsel is excused from further responsibilities herein.

Our review does, however, reveal a clerical error in the judgment, which states that Jordan-Maldonado pleaded guilty of conspiracy to possess with intent to manufacture and distribute cocaine. Instead, the record reflects that Jordan-Maldonado pleaded guilty of conspiracy to possess with intent to distribute cocaine; therefore, the word "manufacture" must be deleted from the description of the offense.

The remaining question is whether we should remand. Although we could do so, courts of appellate jurisdiction are permitted to "affirm, modify, vacate, set aside or reverse any judgment, decree, or order of a court lawfully brought before it for review." 28 U.S.C. § 2106. *See, e.g., United States v. Godoy,* 890 F.3d 531, 542 (5th Cir. 2018); No. 15-41034, *United States v. Cabrera,* 2018 U.S. App. LEXIS 18470, at *3 (5th Cir. July 6, 2018) (per curiam) (unpublished). Accordingly, the judgment is AFFIRMED as MODIFIED to reflect that Jordan-Maldonado was convicted of, and sentenced for, conspiracy to possess with intent to distribute cocaine.