# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-50693
Conference Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
January 31, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff−Appellee,

versus

JOSEPH WAYNE EVANS,

Defendant−Appellant.

Appeal from the United States District Court
for the Western District of Texas
No. 3:13-CR-630-1

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:*

The Federal Public Defender appointed to represent Joseph Evans has

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

moved for leave to withdraw and has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011). Evans has not filed a response. We have reviewed counsel's brief and relevant portions of the record. We concur with counsel's assessment that the appeal presents no nonfrivolous issue for appellate review, with one exception.

Counsel's brief and the record reveal the following nonfrivolous appellate issue: whether the sentence is plainly unreasonable because the district court imposed or lengthened the term of imprisonment for an improper reason, specifically Evans's refusal to commit to entering a drug treatment program. Accordingly, we DENY counsel's motion to withdraw. *See Anders*, 386 U.S. at 744.

Given the pendency of Evans's release from prison, we conclude that additional briefing would create unnecessary delay, and it is also unnecessary, as we can resolve the case on the record and briefing before us. We thus turn to the merits.

It is debatable whether the district court relied on an improper reason when it imposed sentence. Specifically, it does not appear that the court committed a *Tapia* error. *See Tapia v. United States*, 564 U.S. 319 (2011). In *Tapia*, the district court lengthened the sentence so that the defendant would qualify for rehabilitation services at the prison while in prison. That approach ran afoul of the statutory admonition that prison is not for rehabilitation. *Id.* at 334–35. Here, by contrast, the district court may have been willing to forgo an additional prison sentence if the defendant demonstrated that he was obtaining rehabilitation *outside* of prison (in what appears to be a program much longer than the prison term at issue), a situation quite different from *Tapia*. Therefore, the reasonableness of the sentence is subject to reasonable

dispute, and the sentence is not plainly unreasonable. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Sanchez*, 900 F.3d 678, 682 (5th Cir. 2018).

AFFIRMED.