# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 1, 2020

Lyle W. Cayce
Clerk

No. 19-50509
Conference Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Darnell O'Shea McCoy,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:18-CR-257-12

Before Smith, Stewart, and Higginson, *Circuit Judges*.

Per Curiam:*

The attorney appointed to represent Darnell O'Shea McCoy has moved for leave to withdraw and has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011). McCoy has filed a response. The record is not sufficiently

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

developed to allow us to make a fair evaluation of McCoy's claims of ineffective assistance of counsel; we therefore decline to consider the claims without prejudice to collateral review. *See United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014).

We have reviewed counsel's brief and the relevant portions of the record reflected therein, as well as McCoy's response. We concur with counsel's assessment that the appeal presents no nonfrivolous issue for appellate review. Accordingly, the motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, and the APPEAL IS DISMISSED. *See* 5TH CIR. R. 42.2.

The record reflects a clerical error in the written judgment. Although the judgment refers to the offense of conviction as conspiracy to possess with intent to distribute a controlled substance, the record indicates that McCoy pleaded guilty to conspiracy to distribute a controlled substance. Accordingly, we REMAND for the limited purpose of correction of the clerical error in the written judgment in accordance with Federal Rule of Criminal Procedure 36.