# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 29, 2021

Lyle W. Cayce
Clerk

No. 20-40035
Conference Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ALEJANDRO MATA-MALDONADO,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:19-CR-1407-1

Before JONES, CLEMENT, and HAYNES, *Circuit Judges*.

PER CURIAM:*

The Federal Public Defender (FPD) appointed to represent Alejandro Mata-Maldonado has moved for leave to withdraw and has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011). Mata-Maldonado has not filed a

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-40035

response.  We have reviewed counsel's brief and the relevant portions of the record reflected therein.  We concur with counsel's assessment that the appeal presents no nonfrivolous issue for appellate review.  Accordingly, counsel's motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, and the APPEAL IS DISMISSED. *See* 5TH CIR. R. 42.

The FPD asserts that the written statement of reasons incorrectly reflects that: (1) the district court imposed an upward departure instead of an upward variance, (2) the district court did not grant the Government's motion for a two-level downward departure for early disposition, and (3) Mata-Maldonado's guidelines range was 10 to 16 months instead of 6 to 12 months of imprisonment.

We agree that the statement of reasons indicates that Mata-Maldonado's guidelines range was 10 to 16 months of imprisonment, but the record reflects that his guidelines range was 6 to 12 months of imprisonment. Accordingly, we REMAND for the limited purpose of correction of the foregoing clerical error in accordance with Federal Rule of Criminal Procedure 36.  However, our review satisfies us that the statement of reasons does not otherwise require correction.