# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 2, 2021

Lyle W. Cayce
Clerk

No. 20-10553
Conference Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Henry Garcia,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:19-CR-124-1

Before Davis, Elrod, and Oldham, *Circuit Judges*.

Per Curiam:*

The Federal Public Defender appointed to represent Henry Garcia has moved for leave to withdraw and has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011). Garcia has not filed a response. We have reviewed

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

counsel's brief and the relevant portions of the record reflected therein. We concur with counsel's assessment that the appeal presents no nonfrivolous issue for appellate review.

However, we have identified two clerical errors in the written judgment. Although Garcia pleaded guilty of violating 21 U.S.C. § 841(a)(1), (b)(1)(C), and 18 U.S.C. § 2, the written judgment does not list § 2 as a violated statutory provision. In addition, the written judgment includes, as part of Garcia's special conditions of supervision, a requirement that he "contribute to the costs of [his participation in a program for the treatment of narcotic, drug, or alcohol dependency] (copayment) at a rate of at least $40.00 per month." The district court struck the copayment requirement when orally pronouncing Garcia's sentence.

Accordingly, counsel's motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, and the APPEAL IS DISMISSED. *See* 5TH CIR. R. 42.2. The case is REMANDED to the district court for the limited purpose of correcting the judgment to reference § 2 in the list of violated statutory provisions and to conform with the orally pronounced conditions of supervised release. *See* FED. R. CRIM. P. 36.