# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 20, 2021

Lyle W. Cayce
Clerk

No. 21-40318
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JESUS SALVADOR RAMIREZ-RODRIGUEZ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:20-CR-858-1

Before KING, COSTA, and HO, *Circuit Judges*.

PER CURIAM:*

The Federal Public Defender appointed to represent Jesus Salvador Ramirez-Rodriguez has moved for leave to withdraw and has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011). Ramirez-Rodriguez's motion for leave

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-40318

to file an out-of-time response is GRANTED. The record is not sufficiently developed to allow us to make a fair evaluation of Ramirez-Rodriguez's claim of ineffective assistance of counsel; we therefore decline to consider the claim without prejudice to collateral review. *See United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014).

We have reviewed counsel's brief and the relevant portions of the record reflected therein, as well as Ramirez-Rodriguez's response. We concur with counsel's assessment that the appeal presents no nonfrivolous issue for appellate review. Accordingly, the motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, and the APPEAL IS DISMISSED. *See* 5TH CIR. R. 42.2.

Our review reveals a clerical error in the written judgment. The written judgment states that Ramirez-Rodriguez pleaded guilty to importing 500 kilograms or more of methamphetamine. However, he pleaded guilty to importing 500 grams or more of methamphetamine; therefore, the written judgment erroneously includes kilograms instead of grams in its description of the offense. Accordingly, this matter is REMANDED for the limited purpose of correcting the clerical error in the judgment. *See* FED. R. CRIM. P. 36.