# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 3, 2023

Lyle W. Cayce
Clerk

No. 22-40640
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Manuel Orozco-Ambriz,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:21-CR-1172-1

Before Stewart, Duncan, and Wilson, *Circuit Judges*.

Per Curiam:[*]

The attorney appointed to represent Manuel Orozco-Ambriz has moved for leave to withdraw and has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011). Orozco-Ambriz has not filed a response. We have reviewed counsel's brief and the relevant portions of the record reflected therein. We

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

concur with counsel's assessment that the appeal presents no nonfrivolous issue for appellate review. Accordingly, counsel's motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, and the appeal is DISMISSED. *See* 5TH CIR. R. 42.2.

The record reflects that Orozco-Ambriz pled guilty to count one of the indictment, which charged him with conspiring to possess with intent to distribute more than 500 grams of a mixture or substance containing a detectable amount of methamphetamine. The judgment recites, however, that Orozco-Ambriz pleaded guilty of "[c]onspiracy to possess with intent to distribute more than 500 grams of a mixture or substance containing methamphetamine and more than one kilogram of a mixture or substance containing heroin." Because Orozco-Ambriz did not plead guilty of conspiring to possess with intent to distribute more than one kilogram of a mixture or substance containing heroin, the case is REMANDED for the limited purpose of correcting the clerical error in the written judgment. *See* FED. R. CRIM. P. 36; *see also United States v. Brune*, 991 F.3d 652, 664 n.39 (5th Cir. 2021).