# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 14, 2023

Lyle W. Cayce
Clerk

No. 22-30551
Summary Calendar

_____

Uɴɪᴛᴇᴅ Sᴛᴀᴛᴇs ᴏғ Aᴍᴇʀɪᴄᴀ,

*Plaintiff—Appellee*,

*versus*

Kᴇɴᴛʀᴇʟʟ Lᴀᴅᴀʏ,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:21-CR-178-1

_____

Before Hɪɢɢɪɴʙᴏᴛʜᴀᴍ, Gʀᴀᴠᴇs, and Hᴏ, *Circuit Judges*.

Pᴇʀ Cᴜʀɪᴀᴍ:*

The attorney appointed to represent Kentrell Laday has moved for leave to withdraw and has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011). Laday has filed a response. To the extent that Laday attempts to raise claims of ineffective assistance of counsel, the record is not sufficiently developed

_____

* This opinion is not designated for publication. *See* 5ᴛʜ Cɪʀ. R. 47.5.

to allow us to make a fair evaluation of Laday's claims; we therefore decline to consider the claims without prejudice to collateral review. *See United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014).

We have reviewed counsel's brief and the relevant portions of the record reflected therein, as well as Laday's response. We concur with counsel's assessment that the appeal presents no nonfrivolous issue for appellate review. Accordingly, the motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, and the appeal is DISMISSED. *See* 5TH CIR. R. 42.2.

However, there is a clerical error in the written judgment. The record reflects that Laday pleaded guilty to possession of a firearm after a conviction for a misdemeanor crime of domestic violence in violation of 18 U.S.C. § 922(g)(9). The judgment lists § 922 as the statute of conviction but does not include subsection (g)(9), and it incorrectly describes the nature of the offense as "Unlawful Transport Of Firearms, Etc. – Possession Of An Unregistered Firearm With Forfeiture Allegation." Accordingly, we REMAND to the district court for the limited purpose of correcting the clerical error in the judgment. *See* FED. R. CRIM. P. 36.