# United States Court of Appeals
# for the Fifth Circuit

_____

No. 22-11015
Summary Calendar
_____

United States Court of Appeals
Fifth Circuit

**FILED**
September 21, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Anahi Perales,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:19-CR-607-2

_____

Before Jones, Southwick, and Ho, *Circuit Judges*.

Per Curiam:[*]

The attorney appointed to represent Anahi Perales has moved for leave to withdraw and has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011). Perales has filed a response indicating her intent to file a pro se motion under

_____

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 22-11015

28 U.S.C. § 2255.   We have reviewed counsel's brief and the relevant portions of the record reflected therein, as well as Perales's response.   We concur with counsel's assessment that the appeal presents no nonfrivolous issue for appellate review.   However, the judgment contains a clerical error: it lists the offense of conviction as "Conspiracy to Possess with Intent to Distribute a Schedule I Controlled Substance."   Perales pleaded guilty to conspiracy to possess with the intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, *a Schedule II* controlled substance.   *See* 21 C.F.R. § 1308.12(d)(2).

Accordingly, counsel's motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, and the appeal is DISMISSED. *See* 5TH CIR. R. 42.2.   This matter is REMANDED for the limited purpose of correcting the clerical error in the judgment pursuant to Federal Rule of Criminal Procedure 36.