# United States Court of Appeals
# for the Fifth Circuit

————————

No. 23-50462
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
March 12, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Manuel Munoz-Betancourt,

*Defendant—Appellant*.

————————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:22-CR-2393-1

————————————————————————

Before Higginbotham, Stewart, and Southwick, *Circuit Judges*.
Per Curiam:[*]

The attorney appointed to represent Manuel Munoz-Betancourt has moved for leave to withdraw and has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011). Munoz-Betancourt has filed a response. The record is not sufficiently developed to allow us to make a fair evaluation of Munoz-

————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-50462

Betancourt's claims of ineffective assistance of counsel; we therefore decline to consider the claims without prejudice to collateral review. *See United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014).

We have reviewed counsel's brief and the relevant portions of the record reflected therein, as well as Munoz-Betancourt's response. We concur with counsel's assessment that the appeal presents no nonfrivolous issue for appellate review. Accordingly, counsel's motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, and the appeal is DISMISSED. *See* 5TH CIR. R. 42.2. Munoz-Betancourt's motion for the appointment of counsel is DENIED.

There is a clerical error in the revocation order. The order does not accurately reflect that Munoz-Betancourt pleaded true to the violations alleged in the petition to revoke supervised release. Accordingly, we REMAND for correction of the clerical error in the revocation order in accordance with Federal Rule of Criminal Procedure 36. *See United States v. Powell*, 354 F.3d 362, 371-72 (5th Cir. 2003).

2