# United States Court of Appeals
# for the Fifth Circuit

————————

No. 24-50071
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
November 11, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Zahraa Bzaih,

*Defendant—Appellant*.

————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:23-MJ-3011-1

————————————————————

Before Haynes, Higginson, and Douglas, *Circuit Judges*.

Per Curiam:\*

The attorney appointed to represent Zahraa Bzaih has moved for leave to withdraw and has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011). Bzaih has not filed a response. We have reviewed counsel's brief and the relevant portions of the record reflected therein. We concur with counsel's

————————————

\* This opinion is not designated for publication. *See* 5th Cir. R. 47.5. Judge Haynes disagrees in part and would dismiss the appeal of Bzaih's sentence as moot.

No. 24-50071

assessment that the appeal presents no nonfrivolous issue for appellate review.[1] Counsel's motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, and the appeal is DISMISSED.

---

[1] Although Bzaih's sentence has run, no defect in our jurisdiction over an appeal of the sentence appears on the record presented. "[T]o establish that a once-live case has become moot" in these circumstances, *West Virginia v. EPA*, 597 U.S. 697, 719 (2022), the presence or absence of "continuing 'collateral consequences'" must "be either proved or presumed." *See Spencer v. Kemna*, 523 U.S. 1, 8 (1998); *Pollard v. United States*, 352 U.S. 354, 358 (1957) ("The possibility of consequences collateral to the imposition of sentence is sufficiently substantial to justify our dealing with the merits."); *see also* 13B CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3533.1 (3d ed. 2008) ("Notwithstanding the Article III foundations of mootness, . . . in cases of doubt it is regularly ruled that the party claiming mootness has the burden of demonstrating that mootness has in fact occurred." (citing *Firefighters Local Union No. 1784 v. Stotts*, 467 U.S. 561, 569 (1984))).