# United States Court of Appeals for the Fifth Circuit

———————

No. 24-50296
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
March 12, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

RAFAEL PAREDES HINOJOSA,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:23-CR-1044-1

———————————————————

Before HAYNES, HIGGINSON, and DOUGLAS, *Circuit Judges*.

PER CURIAM:[*]

The attorney appointed to represent Rafael Paredes Hinojosa has moved for leave to withdraw and has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011). Paredes Hinojosa has filed a response. We have reviewed counsel's brief and the relevant portions of the record reflected therein, as

———————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 24-50296

well as Paredes Hinojosa's response.  We concur with counsel's assessment that the appeal presents no nonfrivolous issue for appellate review.[1] Accordingly, counsel's motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, and the appeal is DISMISSED. *See* 5TH CIR. R. 42.2.

---

[1] Paredes Hinojosa draws our attention to the district court's criminal history calculation, noting disparity with an earlier proceeding.  We have found no error on the record presented.  The calculation at issue was only used in sentencing for the offense of illegal reentry, and it was not used when the district court imposed its sentence for revoking supervised release.  In determining the guidelines for the revocation sentence, the district court properly applied the criminal history category used in Paredes Hinojosa's original sentencing.  *See* U.S.S.G. § 7B1.4(a) n.*.