# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 18, 2025

Lyle W. Cayce
Clerk

———————

No. 25-40083
Summary Calendar

———————

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ABEL DANIEL ALVAREZ,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:21-CR-222-4

———————————————————

Before JONES, DUNCAN, and DOUGLAS, *Circuit Judges*.

PER CURIAM:*

The attorney appointed to represent Abel Daniel Alvarez has moved for leave to withdraw and has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011). Alvarez has filed a response. The record is not sufficiently developed to allow us to make a fair evaluation of Alvarez's claim of

———————————————

* This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-40083

ineffective assistance of counsel; we therefore decline to consider the claim without prejudice to collateral review. *See United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014).

We have reviewed counsel's brief and the relevant portions of the record reflected therein, as well as Alvarez's response. We concur with counsel's assessment that the appeal presents no nonfrivolous issue for appellate review. Accordingly, the motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, and the appeal is DISMISSED. *See* 5TH CIR. R. 42.2.

However, there are clerical errors in the written judgment. The judgment refers to the offense of conviction as "Conspiracy to Possess With Intent Distribute and Distribution of Controlled Substance," but the record reflects that Alvarez pleaded guilty to conspiracy to possess with intent to manufacture and distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine. *See* 21 U.S.C. §§ 846 and 841(a)(1). Additionally, the judgment lists the penalty provision as "841(b)(1)(A)," but Alvarez was sentenced under § 841(b)(1)(B). We therefore REMAND for correction of the clerical errors in the written judgment. *See* FED. R. CRIM. P. 36.